IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BARRON J. GOFF**                                                                              **PLAINTIFF**

v.                                                                                          1:15-cv-402-HSO-JCG

**MARSHALL FISHER; UNKNOWN
BEFFAURD; UNKNOWN DAVIS;
ARCHIE LONGLEY; RAYMOND
BYRD; MARSHALL TURNER; SARAH
JONES; MARK DAVIS; FAYTONIA
JOHNSON; DEBBIE COOLEY; and
ANTHONY BEASLEY**                                                                           **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies (ECF No. 31), filed by Defendants Marshall Fisher, Sarah Jones, Mark Davis, Faytonia Johnson, Debbie Cooley, and Anthony Beasley. Plaintiff Barron J. Goff has yet to file a response to Defendants' Motion, despite having been given a deadline to do so of December 20, 2016. Accordingly, the Court proceeds to a resolution of Defendants' Motion without the benefit of a response from Plaintiff. Having reviewed the submissions of the parties and relevant law, the Court is of the opinion that Defendants' Motion for Summary Judgment (ECF No. 31) should be GRANTED because Plaintiff failed to exhaust available administrative remedies before filing suit. Additionally, upon *sua sponte* review of the record, the Court is of the opinion that Plaintiff's claims against Defendants Unknown Beffaurd, Unknown Davis, Archie Longley, and Raymond

Byrd should also be dismissed without prejudice for Plaintiff's failure to exhaust available administrative remedies.

I. BACKGROUND

Plaintiff is a postconviction prisoner in the custody of the Mississippi Department of Corrections ("MDOC") at Wilkerson County Correctional Facility ("WCCF") in Woodville, Mississippi. However, the alleged incident that is the basis of the instant law suit occurred while Plaintiff was housed at South Mississippi Correctional Institute ("SMCI") in Leakesville, Mississippi. Proceeding *pro se* and *in forma pauperis*, Plaintiff asserts that Defendants violated his Eighth Amendment Right to be free from cruel and unusual punishment. He clarified these allegations through his testimony at the omnibus hearing[1] held December 9, 2016.

His primary claim is that on February 20, 2015, Plaintiff asked Defendant Unknown Beffaurd to use the restroom during a shakedown of his unit and, in response, Beffaurd, along with three other unidentified K-9 officers, ripped Plaintiff off his bunk bed and beat him. (ECF No. 1-1, at 1-3). Plaintiff asserts that Marshall Fisher ordered the shakedown, Archie Longley led the shakedown, and Defendants Marshall Turner and Raymond Byrd, Unknown Davis, Sarah Jones, Mark Davis, Faytonia Johnson, Debbie Cooley, and Anthony Beasley all failed to take corrective action after Plaintiff later told them of the beating he had suffered. Plaintiff seeks monetary damages for pain and suffering, transfer to Central Mississippi

---

[1] The omnibus hearing functioned as a screening hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Correctional Facility, and court-ordered psychiatric treatment for the post-traumatic stress from which he purportedly suffers. (ECF No. 1, at 4).

Defendants Beasley, Cooley, Davis, Fisher, Johnson, Jones, and Turner filed the instant Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies (ECF No. 31) on October 13, 2016. In their Motion, Defendants aver that "plaintiff did *not* file an Administrative Remedy Program (ARP) grievance regarding this alleged assault." (ECF No. 32, at 6). Defendants also submitted the sworn affidavit of Joseph Cooley, the custodian of the Administrative Remedy Program at SMCI, in which he states, "Offender Barron Goff # 53271 has not filed a grievance through the Administrative Remedy Program regarding being assaulted by four officers upon his request to be excused to the restroom during a shakedown." (ECF No. 31-1).

The Court ordered Plaintiff to respond to Defendants' Motion for Summary Judgment during the omnibus hearing, and Plaintiff was given a deadline of December 20, 2016 to do so. Plaintiff has yet to file a response to Defendants' Motion. However, Plaintiff explained his attempts to exhaust in his Complaint [all sic in original]: "Filed 4X, the response on the first (3X) was a run around, the (4x) no response, received cert on 4-30-15." (ECF No. 1, at 3). He also submitted numerous documents as exhibits to his Complaint in an attempt to prove that he exhausted administrative remedies before filing suit. But to the contrary, these documents, along with Joseph Cooley's sworn affidavit, demonstrate that Plaintiff did not fully exhaust the Administrative Remedy Program ("ARP") adopted by the

3

MDOC before filing this lawsuit. Plaintiff's claims are therefore barred by 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust available administrative remedies, and Defendants' Amended Motion for Summary Judgment (ECF No. 31) should therefore be granted. Plaintiff's claims against Defendants Unknown Beffaurd, Unknown Davis, and Archie Longley should similarly be dismissed pursuant to § 1997e(a).

## II. DISCUSSION

### A. Summary Judgment Standard

Summary Judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

### B. The Prison Litigation Reform Act

Because Plaintiff is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), applies and requires that this case be screened.

The PLRA provides that "the Court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

C. The PLRA's Exhaustion Requirement

A centerpiece of the PLRA's effort to "reduce the quantity and improve the quality of prisoner suits" is an "invigorated" exhaustion provision. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C.§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at

5

93 (quoting *Porter*, 534 U.S. at 525). Proper exhaustion is required. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 83-84.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.*

D. <u>Plaintiff Did Not Exhaust MDOC's ARP</u>

The Mississippi Code grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Miss. Code Ann. § 47-5-801. MDOC has implemented an Administrative Remedy Program ("ARP") through which prisoners may seek formal review of a complaint or grievance relating to any aspect of their incarceration.[2] Effective September 19, 2010, the ARP is a two-step process. *See Threadgill v. Moore*, No. 3:10-cv-378-TSL-MTP, 2011 WL 4388832, *3 n.6 (S.D. Miss. July 25, 2011).

Plaintiff points to what he calls his "cert letter" – a second step ARP response – dated April 30, 2015 as proving that he exhausted administrative remedies before filing suit. (ECF No. 1, at 3); (ECF No. 1-1, at 1). However, this second step response pertains to ARP 14-2388, which was necessarily filed sometime in 2014. (ECF No. 1-1, at 1). This ARP could not have complained of the allegations at issue

---

[2] *See* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program, http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx.

6

in the instant law suit because these events are alleged to have transpired no sooner than February 20, 2015.

The other attachments to Plaintiff's Complaint include an ARP grievance about the events at issue (ECF No. 1-1, at 2-4) that was rejected on February 26, 2015 because it "requested transfer and an investigation of an incident." (ECF No. 1-1, at 5). The response to Plaintiff's grievance further explained, "Those are two separate issues that would be addressed by two different respondents." *Id.* Plaintiff's grievance was accordingly returned to him in order for him to properly refile. Plaintiff then must have refiled just his request to be transferred, because a letter to Plaintiff from Joseph Cooley, which is dated March 11, 2015, states,

> I am in receipt of your request for Administrative Remedy concerning a transfer to EMCF.
> It has been noted that you have a previously accepted ARP concerning the same issue. This was addressed in #ARP-14-2388.
> Therefore, since this matter has already been accepted, this particular request is being returned to you and will not be processed.

*Id.* at 6.

In August 2015, Plaintiff wrote a letter to Mr. Cooley:

> Mr. Cooley, Sir,
> I sent you an A.R.P. at the end of February about me being assaulted by K-9 on the 20th of February, during "the big shakedown. I am requesting the status of this A.R.P., and a reason why it has taken this long to get my first response. The 40 day deadline for a response has long been past! Thanks.
>      Sincerely,
>      Barron J. Goff

*Id.* at 10 (all sic in original). This letter is stamped received by the SMCI ARP on August 13, 2015. Plaintiff received a response dated August 12, 2015,[3] which reminded Plaintiff of the February 26, 2015 correspondence, attached a copy of that ARP rejection letter, and further said, "My letter stated you needed to submit two separate letters and I do not see where I received anything back. The only thing I see from that time period was an appeal of a B-21 RVR which was granted. If you resubmitted them in separate letters let me know." *Id.* at 8-9.

Lastly, Plaintiff submits an ARP grievance form dated September 26, 2015, which details the events at issue in the law suit, but lacks any stamp indicating that it was ever received by the SMCI ARP. Plaintiff has failed to submit evidence so as to create an issue of material fact as to the issue of exhaustion. Joseph Cooley stated in his sworn affidavit that Plaintiff has not filed an ARP grievance regarding the events at issue in this law suit, and the exhibits to Plaintiff's Complaint do not contradict Mr. Cooley's sworn statement. Plaintiff has failed to demonstrate that he exhausted a grievance concerning the events at issue through the MDOC ARP. Defendants' Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies (ECF No. 31) should therefore be granted, and Plaintiff's claims against Marshall Fisher, Marshall Turner, Sarah Jones, Mark Davis, Faytonia Johnson, Debbie Cooley, and Anthony Beasley should be dismissed without prejudice.

---

[3] The date "8/12/2014" on the letter must be a typo given that it references events that previously occurred on February 26, 2015.

There are four Defendants – Unknown Beffaurd, Unknown Davis, Archie Longley, and Raymond Byrd – who did not file this Motion for Summary Judgment, three of whom were never served by Plaintiff (it is unclear why the Motion for Summary Judgment was not filed on Raymond Byrd's behalf; counsel entered an appearance on his behalf and he answered Plaintiff's Complaint). However, because it is clear from the record that Plaintiff failed to exhaust available administrative remedies before filing the instant suit, his claims against these four Defendants should also be dismissed without prejudice.

Although "failure to exhaust is an affirmative defense under the PLRA," and inmates are therefore "not required to specifically plead or demonstrate exhaustion in their complaints," a complaint is nonetheless "subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *see also Torns v. Miss. Dep't of Corr.*, 301 F. App'x 386, 388 (5th Cir. 2008). "One way in which a complaint may show the inmate is not entitled to relief is if it alleges facts that clearly foreclose exhaustion. In such a case, the district court may sua sponte dismiss the complaint for failure to state a claim." *Torn*, 301 F. App'x at 388-89 (citing *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007)).

Here, the Court need not rely solely on the allegations in the Complaint because additional evidence has been submitted in the instant Motion for Summary Judgment. The Court has already determined that the record indicates Plaintiff failed to exhaust the MDOC ARP before filing suit. The Court's determination

9

extends to these other four defendants because their actions and inactions were also part of the alleged shakedown that happened on February 20, 2015. Accordingly, Plaintiff failed to exhaust his claims against Unknown Beffaurd, Unknown Davis, Archie Longley, and Raymond Byrd before filing suit. Plaintiff's claims are therefore barred by 42 U.S.C. § 1997e(a) and should be dismissed without prejudice.

### III.  RECOMMENDATION

It is recommended that the Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies (ECF No. 31) filed by Defendants Marshall Fisher, Marshall Turner, Sarah Jones, Mark Davis, Faytonia Johnson, Debbie Cooley, and Anthony Beasley be GRANTED, and that Plaintiff's claims against all defendants be dismissed without prejudice.

### IV.  NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be

10

barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

The Clerk of Court is directed to mail this Report and Recommendation to Plaintiff via USPS certified mail.

**SIGNED,** this the 14th day of April, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE