# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| BARRON J. GOFF | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:15cv402-HSO-JCG |
| | § | |
| MARSHALL FISHER, *et al.* | § | DEFENDANTS |

### ORDER ADOPTING MAGISTRATE JUDGE'S [36] REPORT AND RECOMMENDATION, GRANTING [31] MOTION FOR SUMMARY JUDGMENT, AND DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES

This matter comes before the Court on the Report and Recommendation [28] of United States Magistrate Judge John C. Gargiulo, entered in this case on April 14, 2017. Based upon his review of the pleadings and relevant legal authority, the Magistrate Judge recommended that the Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies [31] filed by Defendants Marshall Fisher, Marshall Turner, Sarah Jones, Mark Davis, Faytonia Johnson, Debbie Cooley, and Anthony Beasley be granted, and that this case be dismissed as to all Defendants for Plaintiff's failure to exhaust available administrative remedies. R. & R. [36] at 10. For the reasons that follow, the Court finds that the Report and Recommendation [36] should adopted in its entirety as the finding of this Court, that the Motion for Summary Judgment [31] should be granted, and that this case should be dismissed without prejudice.

1

I. BACKGROUND

Plaintiff Barron J. Goff ("Plaintiff") filed a pro se Complaint [1] in this Court on December 10, 2015, asserting claims pursuant to 42 U.S.C. § 1983. Compl. [1] at 1. Plaintiff alleges that he was beaten by officers during a "shakedown" at South Mississippi Correctional Institution ("SMCI") on February 20, 2015. Plaintiff is currently incarcerated at the Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi, but at the time of the events complained of in the Complaint, Plaintiff was housed at SMCI in Leakesville, Mississippi. Id.

On October 13, 2016, Defendants Marshall Fisher, Marshall Turner, Sarah Jones, Mark Davis, Faytonia Johnson, Debbie Cooley, and Anthony Beasley filed a Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies [31]. To date, Plaintiff has not responded to this Motion [31], and the time for doing so has passed.

On December 9, 2016, the Magistrate Judge conducted an omnibus hearing, which served "as a *Spears*[1] hearing and a case management hearing." Order [29] at 1. According to the Magistrate Judge, Plaintiff clarified his allegations at that hearing. R. & R. [36] at 2. Plaintiff claims that, during the shakedown at SMCI, he asked Defendant Unknown Beffaurd to use the restroom, but in response Beffaurd and three other unidentified K-9 officers ripped Plaintiff off his bunk and beat him. Id.

On April 14, 2017, the Magistrate Judge entered a Report and

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Recommendation [36] finding that Plaintiff's claims are barred by 42 U.S.C. § 1997e(a) because he failed to exhaust administrative remedies prior to filing suit. The Magistrate Judge recommended that the Motion for Summary Judgment [31] be granted and that all of Plaintiff's remaining claims be dismissed sua sponte, without prejudice, for Plaintiff's failure to exhaust available administrative remedies. R. & R. [36] at 10.

The Report and Recommendation [36] was mailed to Plaintiff on April 14, 2017, via certified mail return receipt requested. Any objection to the Magistrate Judge's Report and Recommendation [36] was due within fourteen (14) days of service. L.U. Civ. R. 72(a)(3). To date, Plaintiff has not filed any objection to the Magistrate Judge's Report and Recommendation [36], and the time for doing so has passed.

## II. DISCUSSION

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of

discretion or contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [36] as the opinion of this Court. The Motion for Summary Judgment [31] will be granted, and this civil action will be dismissed without prejudice for Plaintiff's failure to exhaust available administrative remedies.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [36] of United States Magistrate Judge John C. Gargiulo, entered on April 14, 2017, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies [31] filed by Defendants Marshall Fisher, Marshall Turner, Sarah Jones, Mark Davis, Faytonia Johnson, Debbie Cooley, and Anthony Beasley is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to exhaust available administrative remedies. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 22nd day of May, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE